IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
AUG 2 1 2012
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Danny Maurice Bullock,<br>    Petitioner, | )<br>)<br>) |
| v. | )    1:12cv397 (LMB/TRJ) |
| Marie Vargo,<br>    Respondent. | )<br>)<br>) |

MEMORANDUM OPINION

Danny Maurice Bullock, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction following a bench trial in the Circuit Court for County of New Kent, Virginia. On June 15, 2012, respondent filed a Rule 5 Answer accompanied by a Motion to Dismiss and supporting brief. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a response. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted and the petition will be dismissed.

**I. Background**

Petitioner is currently confined pursuant to final judgment of the Circuit Court for the County of New Kent Virginia entered on June 18, 2008. CR07000162-00 through CR07000162-03. Following a bench trial, petitioner was convicted of aggravated malicious wounding, use of a firearm in the commission of the malicious wounding, shooting at an occupied vehicle, and possession of a firearm by a felon. Id. The trial court sentenced petitioner to seventy years incarceration, with forty-two years suspended for a total active sentence of twenty-eight years.

Id.

Petitioner appealed his conviction to the Court of Appeals of Virginia, which denied the petition for appeal on February 25, 2009. Id. Petitioner's request for a three-judge panel was likewise denied on May 20, 2009. Id. On July 13, 2012, the Supreme Court of Virginia denied petitioner's request for further appeal. R. No. 100096. The per curiam opinion issued by the Court of Appeals of Virginia denying petitioner's petition for appeal on direct review establishes the following underlying facts:

> [A]fter an argument that took place inside a house, appellant exited the house and armed himself with a gun. Soon thereafter, a car in which the victim was a passenger backed up near appellant and stopped. Appellant shot the gun numerous times from a distance of a few feet into the vehicle containing the unarmed victim. Appellant, a convicted felon, admitted that he did not see a weapon in the possession of the victim either while they were inside the house or before he fired into the vehicle. Rather, he testified he only saw the victim bending over or possibly 'digging' for a weapon while he was inside the vehicle. The victim received numerous gunshot wounds.

R. No. 1715-08-2 at 1-2.

Petitioner then filed a state petition for a writ of habeas corpus in Supreme Court of Virginia, which was denied on December 7, 2011. R. No. 111205. Petitioner's request for a rehearing was denied on March 8, 2012. Id.

On March 23, 2012, petitioner timely filed the instant federal habeas petition,[1] raising the following claims:

    a) Petitioner was denied the effective assistance of counsel

---

[1] A pleading submitted by an unrepresented prisoner is deemed filed when the prisoner delivers the pleading to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner certified that he placed his petition into the prison mailing system on March 23, 2012. Pet. at 14, ECF No. 1.

2

       because trial counsel improperly waived petitioner's Confrontation Clause right by agreeing to have a tape of a witness' preliminary hearing testimony played at trial in lieu of in-person testimony. Petitioner contends that counsel could not waive this constitutional right without consulting him and obtaining his consent.

b) Trial counsel was ineffective because he failed to challenge the sufficiency of the evidence in his motion to strike based on the physical evidence and the reconstructed crime scene.

c) Trial counsel was ineffective because he did not challenge the victim's testimony as inconsistent with his preliminary hearing testimony.

d) Trial counsel was ineffective because he did not challenge two prosecution witnesses' conflicting accounts regarding which of them had called 911.

e) Appellate counsel was ineffective because he failed to challenge on appeal the sufficiency of the evidence based upon the physical evidence that the shell casings were found at a distance away from where the Commonwealth's witnesses testified that the shooting had occurred.

See Fed. Pet. at 3, ECF No.1.

These claims are the same claims presented by petitioner in his state habeas petition. Therefore, it is uncontested that the claims are exhausted for purposes of federal review. Accordingly, the Court will address the merits of petitioner's claims.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on

3

an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

Each of petitioner's claims alleges ineffective assistance of counsel. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the

result of sound trial strategy."). The two prongs of the <u>Strickland</u> test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." <u>Spencer</u>, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. <u>Quesinberry v. Taylore</u>, 162 F.3d 273, 278 (4th Cir. 1998).

A. <u>Claim (a)</u>:

In his first claim, petitioner alleges his trial counsel was ineffective because he improperly waived petitioner's Confrontation Clause by permitting a tape of a witness' preliminary hearing testimony to be played at trial in lieu of the witness' in-person testimony. When petitioner raised this claim in his state habeas petition the Supreme Court of Virginia rejected it on the following basis:

> [C]laim (a) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). The record, including the trial transcript and the affidavit of counsel, demonstrates that the witness, Lucille Bozwell, was too ill to attend trial, which had previously been continued due to her poor health. Before trial, counsel wrote to petitioner and advised him that Bozwell's preliminary hearing testimony would be presented at trial if her health did not improve and petitioner did not object. Petitioner has failed to proffer what testimony the witness would have given if called to testify in person, how that testimony would have differed from the recorded preliminary hearing testimony, or how it would have provided the basis for an assertion that counsel's decision not to call her as a witness prejudiced the petitioner given the overwhelming evidence against him. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

R. No. 111205 at 1-2.

Review of the record confirms that petitioner's trial counsel wrote to petitioner on February 1, 2008, and advised petitioner that his trial had been continued because "Ms. Boswell [sic] had just gotten out of the hospital and was not in any shape to come to court." Respt.'s Ex. 1, ECF No. 6-1 at 3 (copy of letter from trial counsel to petitioner). Petitioner's counsel also explained that "if [Ms. Bozwell] is not able to come to court next time then a transcript will be prepared of her testimony in the general district court and will be used as if she were actually there." Id. Petitioner did not object to this decision by his attorney. Luxton Aff. ¶ 1, ECF No. 6-1 at 1. Additionally, in his affidavit petitioner's trial counsel attests that he "felt that the preliminary hearing testimony was better than no testimony and the preliminary hearing testimony had the potential of being far better than [Ms. Bozwell's] in court testimony." Id. Although Bozwell was a prosecution witness, her testimony helped petitioner's case in that she confirmed that the victim had been drinking and was intoxicated at the time of the shooting. Prelim. Hr'g. at 13. Petitioner, on the other hand, offered no evidence establishing that he was prejudiced by the use of Ms. Bozwell's preliminary testimony as opposed to her in-person testimony. Id. Thus, based on this record, the finding of the state habeas court was not contrary to or an unreasonable application of federal law; nor was it based on an unreasonable finding of fact. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). Accordingly, this Court must defer to the ruling of the state court and claim (a) will be dismissed.

B. Claim (b):

In his next claim, petitioner contends that trial counsel rendered ineffective assistance because his motion to strike failed to challenge the sufficiency of the physical evidence regarding where the shell casings were actually located as opposed to where the Commonwealth's

witnesses testified the shooting took place. In support of this claim, petitioner argues that three witnesses, Minor, Williams, and Dabney, testified that Dabney, the driver of the car containing the victim, pulled up to the front of Ms. Bozwell's residence with the driver-side window facing Ms. Bozwell's front door. However, petitioner asserts that this is "false testimony" because the vehicle in which the victim was located actually made a U-turn upon entering the driveway, which placed the passenger-side window of the car directly in front of the door of Ms. Bozwell's house. Petr.'s Mem in Supp. at 28-31, ECF No. 1. According to petitioner, this is "crucial" to his claim of self-defense because it establishes that "Dabney's car [was] in the forward position to drive out, rather than back up." Id. at 29. When petitioner presented this claim to the Supreme Court of Virginia during his state habeas proceeding the court found that it failed to satisfy either prong of Strickland because:

> The record, including the trial transcript, demonstrates that counsel challenged the accounts of the Commonwealth's witnesses based on the physical evidence, and argued that the shooting could not have happened as the witnesses described. Counsel had no basis to argue that the car's passenger window was facing the front of the house when the shooting occurred. Petitioner himself testified that the car was backing up when he shot at it, thus counsel cannot be expected to argue in his motion to strike facts related to the car's alleged U-turn that were not presented at trial. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonably probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

R. No. 11205 at 2-3.

The record confirms that no evidence regarding the alleged U-turn was presented at trial. To the contrary, petitioner testified that "the car was backing up" when he fired into it. Tr. 219 (Mar. 6, 2008). Moreover, trial counsel did move to strike the accounts of the prosecution

7

witnesses based on the physical evidence, but the motion was denied. Id. at 185. Specifically, petitioner's trial counsel argued:

> I would suggest to the Court that the Commonwealth's witnesses should not be believed, even at this point, as to what all did transpire. Their stories are so different as to what transpired before they went to the house, what happened inside the house, and what happened after they departed the house. I would suggest they are not credible to even go forward at this point in time. I would suggest the location of the bullet holes, if you accept Mr. Bullock as the shooter, that they sprayed from the window to here, there, is not evidence of someone deliberately and intentionally trying to hurt anybody, that the shots in the door here, near the antenna, through the glass or—if it happened as advertised, as they said, there was a tap on the window and all of a sudden shooting taking place, how in the world are these shots getting down into the door and near the antenna location? It just didn't happen as described. I would submit the evidence is not sufficient at this point in time to go forward.

Id. at 183-184.

Based on this record, the Virginia Supreme Court's decision regarding this claim was both factually reasonable and not contrary to, nor an unreasonable application of Strickland. Accordingly, this Court must defer to the ruling of the state court and claim (b) of this petition will be dismissed. Williams, 529 U.S. at 412.

C. Claim (c):

Petitioner next argues that his trial counsel rendered ineffective assistance because counsel failed to challenge the victim's trial testimony as inconsistent with his testimony and demeanor at the preliminary hearing. Petitioner asserts that the victim's demeanor at the preliminary hearing was "strikingly different" than his demeanor at petitioner's trial. According to petitioner, the victim testified at the preliminary hearing that he was "aggressive, and his

demeanor was as would be expected of such a person." Petr.'s Mem. in Supp. at 37. However, at trial, petitioner states that victim "did a complete 180-degree on his testimony, making it seem as if he was never argumentative and his demeanor was that of a mild innocent victim who only wanted to apologize, tried to get his money peacefully, and seek peace from Ms. Bozwell." Id. This claim was rejected by the Supreme Court of Virginia during petitioner's state habeas proceeding on the following basis:

> [C]laim (c) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. The record, including the trial transcript demonstrates that counsel vigorously cross-examined the victim regarding the shooting. Counsel elicited an admission that the victim, Roland Minor, had been convicted of a felony and several assaults, challenged the credibility Minor's testimony about the amount of alcohol he had consumed, and argued that Minor was angry when he went to Bozwell's house at 10:00 in the evening to recover his money after Bozwell sold him fake cocaine. Counsel then argued that the victim was "a very disagreeable and angry physical sort of person when he is drinking," and that he really went to Bozwell's home to get his money back. Thus petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

R. No. 111205 at 3-4.

An independent review of the record establishes that trial counsel's questioning of the victim on cross-examination satisfied both the performance and prejudice prong of Strickland. Tr. 45-60 (March 6, 2008). Therefore, the foregoing analysis by the Supreme Court of Virginia was factually reasonable and was not contrary to, nor an unreasonable application of, controlling federal principles. Strickland, 466 U.S. at 687. Accordingly, this Court must defer to the

decision of the Supreme Court of Virginia, and claim (c) of this petition will be dismissed. Williams, 529 U.S. at 412.

D. Claim (d):

In claim (d) petitioner alleges that trial counsel was ineffective because he did not challenge two prosecution witnesses' conflicting accounts regarding which of them had called 911. Petitioner contends that the inconsistencies in the witnesses' testimonies support his claim that the witnesses lied about not having a gun, and that they disposed of the gun before or while calling 911. Petr.'s Mem. in Supp. at 39. The Supreme Court of Virginia rejected this claim, holding that the claim satisfied neither the "performance" nor the "prejudice" prong of Strickland because:

> The record, including the trial transcript, demonstrates that the discrepancy as to which of the two witnesses called 911 is insignificant and fails to support petitioner's claim that the witnesses had a gun and disposed of it before or during the 911 call. Moreover counsel argued at closing that their testimony was not credible given the number of inconsistencies. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

R. No. 111205 at 4-5.

Review of the record reveals first that petitioner's characterization of the witnesses' testimony as "inconsistent" is incorrect. Witness Dabney testified that immediately after the shooting she drove to the Fast Mart, went inside, and "told the clerk to call 911." Tr. 124-125 (March 6, 2008). Witness Williams testified that once they arrived at the Fast Mart he "went in the store and asked them call an ambulance." Id. 95. Dabney's testimony that she sought police

assistance and Williams' testimony that he sought medical assistance are by no means necessarily "inconsistent" with one another. Regardless, during closing arguments petitioner's counsel argued that Williams and Dabney were not credible because of the poor quality of their testimony. Specifically, counsel argued"

> [Williams and Dabney's] recollection about who's drinking, going to the mall, we go to the grocery store, we go to this place, that place, their collective recollection is like talking to three different people. We stayed home and watched movies, got something to eat. It's all over the board. So when you take people like that who come here and testify to such important facts, in gauging their credibility, shall we believe them beyond a reasonable doubt when they talk about events that happened outside the house? Can we be satisfied with that low quality of testimony?"

Id. at 257-58.

Under these circumstances, the Supreme Court of Virginia's determination on this issue was both factually reasonable and not contrary to, nor an unreasonable application of Strickland, 466 U.S. at 687. Accordingly, this Court must defer to the Supreme Court of Virginia's ruling and claim (d) of this petition will be dismissed.

E. Claim (e):

In his final claim, petitioner asserts that appellate counsel was ineffective because he failed to challenge on appeal the sufficiency of the evidence based upon the physical evidence that the shell casings were found at a distance away from where the Commonwealth's witnesses testified the shooting had occurred. When petitioner raised this claim during his state habeas proceeding the Supreme Court of Virginia dismissed it as meeting neither the "performance" nor the "prejudice" prong of Strickland, because "the selection of issues to address on appeal is left

11

to the discretion of appellate counsel, and counsel need not address every possible issue on appeal." R. No. 111205 at 5 (citing Jones v. Barnes, 463 U.S. 745, 751-752 (1983)).

The record regarding this issue includes an affidavit from petitioner's appellate counsel in which counsel attests that he did challenge the sufficiency of the evidence on appeal, but he did not include "issues that he felt were not likely to be successful." Anthony Aff. at ¶ 5. Furthermore, as noted by the Supreme Court of Virginia, appellate counsel is not constitutionally required to raise every non-frivolous claim on appeal. Jones, 463 U.S. at 751. Therefore, the foregoing analysis by the Supreme Court of Virginia was factually reasonable and was not contrary to, nor an unreasonable application of, controlling federal principles. Strickland, 466 U.S. at 687. Therefore, this Court must defer to the decision of the Supreme Court of Virginia, and claim (e) of this petition will be dismissed. Williams, 529 U.S. at 412

### III. Outstanding Motions

Also before the Court are petitioner's Motion for Counsel and Motion for an Evidentiary Hearing. Because the respondent's Motion to Dismiss will be granted, the petitioner's Motion for Counsel will be denied as moot. Furthermore, because the reasons for dismissal are ascertainable from the record and the applicable law, petitioner's Motion for an Evidentiary Hearing will be denied. See 28 U.S.C. 2254(d) and (e); Cullen v. Pinholster, ___ U.S. ___, 131 S.Ct. 1388 (2011).

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted and this petition will be dismissed. Petitioner's Motion for Counsel will be denied as moot and petitioner's Motion for an Evidentiary Hearing will be denied. An appropriate Order shall issue.

Entered this 21st day of August 2012.

/s/
Leonie M. Brinkema
United States District Judge

Alexandria, Virginia